IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEPHEN STERNADEL, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>JO ANNE B. BARNHART, )<br>Commissioner of the Social )<br>Security Administration, )<br>)<br>Defendant. ) | Case No.   CIV-06-09-F |

# FINDINGS & RECOMMENDATION
# OF MAGISTRATE JUDGE

Plaintiff brings this action pursuant to 42 U.S.C. §405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying his application for supplemental security income benefits (SSI) under 42 U.S.C. §1382c(a)(3) of the Act. This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B), and for the reasons stated herein, it is recommended that the Commissioner's decision be **REVERSED AND REMANDED for further administrative proceedings**.

## PROCEDURAL HISTORY

Plaintiff filed his application for SSI on May 13, 2003 alleging a disability since November 24, 1992 (TR. 52-55). The application was denied on initial consideration and on reconsideration at the administrative level (TR. 25, 26). Pursuant to the Plaintiff's request, a hearing *de novo* was held before an administrative law judge (ALJ) on February 3, 2005 (TR. 272-293). The Plaintiff appeared in person and with his attorney and offered his testimony in support of the application (TR. 275-290). A vocational expert (VE) testified at the request of the ALJ (TR. 290-292). All witnesses testified via video link with the ALJ being present in Oklahoma City. The ALJ issued his decision on

March 17, 2005 finding that Plaintiff was not entitled to SSI (TR. 19-24). The Appeals Council denied the Plaintiff's request for review on November 4, 2005, and thus, the decision of the ALJ became the final decision of the Commissioner (TR. 4-6).

## STANDARD OF REVIEW

The Tenth Circuit case of *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800-801 (10th Cir. 1991), sets forth the standard of review for social security disability cases:

> We must affirm the decision of the Secretary if it is supported by substantial evidence. *(citations omitted)*. Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *(citations omitted)*. In evaluating the appeal, we neither reweigh the evidence nor substitute our judgment for that of the agency. *(citations omitted)*. We examine the record as a whole, including whatever in the record fairly detracts from the weight of the Secretary's decision and, on that basis, determine if the substantiality of the evidence test has been met. *(citations omitted)*. If, however, the correct legal test in weighing the evidence has not been applied, these limitations do not apply, and such failure constitutes grounds for reversal. *(citations omitted)*.

Further, the Tenth Circuit has stated that "[a] finding of no substantial evidence will be found only where there is a conspicuous absence of credible choices or no contrary medical evidence." *Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) *(citations omitted)*.

## DISCUSSION & FINDINGS

In addressing the Plaintiff's disability application the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §404.1520. At step one, the ALJ found that the Plaintiff had not engaged in substantial gainful activity for the relevant period so the process continued (TR. 23). At step two, the ALJ concluded that the Plaintiff's below knee amputation on the right and hypertension were severe impairments (TR. 23). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments which meet or equal any impairment listed in

20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 23). At step four, the ALJ found that Plaintiff lacked the residual functional capacity (RFC) to perform his past relevant work (PRW) (TR. 23).

At the point that step five is reached, a disability preventing prior work activity has been shown and the burden shifts to the Commissioner to show that the claimant retains the ability to perform an alternative work activity which exists in the national economy. *Sorenson v. Bowen*, 888 F.2d 706, 710 (10th Cir. 1989); *Ray v. Bowen*, 865 F.2d 222, 224 (10th Cir. 1989). The ALJ found that Plaintiff had the RFC to perform a wide range of sedentary work (TR. 23). The ALJ specifically found that Plaintiff could perform negligible bending at the waist but could never bend at the knees to come to rest on the knees or perform repetitive overhead reaching with the right arm; and that Plaintiff needed the option to sit/stand every 30 minutes (TR. 23). The ALJ considered the testimony of the VE and determined there were other jobs existing in significant numbers in the national economy which Plaintiff could perform (TR. 24, 291-292). Thus, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act and was therefore not entitled to SSI (TR. 24).

On appeal to this Court, Plaintiff alleges that (I) the ALJ erred by failing to recognize all of Plaintiff's diagnosed impairments as severe; (II) the ALJ erred by formulating an RFC assessment which failed to include all of Plaintiff's limitations; and (III) the ALJ erred in his assessment of Plaintiff's credibility.

**Medical Evidence**

In February 2003 Plaintiff was examined by his treating physician, Dan D. Horton, M.D., who noted that Plaintiff had some expiratory wheezes (TR. 103). Dr. Horton diagnosed Plaintiff with "Chest pain, probably secondary to pleurisy and bronchitis" (TR. 104). He also diagnosed Plaintiff as having coronary artery disease, nicotine abuse, hyperlipidemia, and a history of hypertension (TR. 104).

In August 2003 Plaintiff underwent a consultative examination performed by Charles N. Howard, Ph.D., M.D., who found that Plaintiff had full range of motion of his shoulders, elbows, wrists and hands; that he could grasp and finely manipulate; and that he had very muscular upper extremities without any evidence of erythema, edema or deformity (TR. 214).

Also in August 2003, a physical RFC assessment was completed by agency physicians in which they concluded that Plaintiff was able to occasionally lift and/or carry 20 pounds, frequently lift and/or carry 10 pounds, and sit, stand and/or walk for a total of about six hours in an eight hour workday (TR. 226). Agency physicians also concluded that Plaintiff could only occasionally climb, balance, stoop, crouch or crawl, but that Plaintiff had no other exertional, postural, manipulative, visual, communicative, or environmental limitations (TR. 225-232).

In August 2004 Plaintiff's treating physician, Matthew Ivory, M.D., reported that Plaintiff's lungs were clear to auscultation and assessed Plaintiff as having hypertension, fatigue and tobacco dependence (TR. 268). Dr. Ivory also identified Plaintiff as having right hip pain and avascular necrosis of the right hip (TR. 269, 267).

On September 30, 2004 Plaintiff sustained a work related injury to his left wrist (TR. 247). He was treated by Thomas J. Eiser, M.D. (orthopedic surgeon) who diagnosed Plaintiff with a comminuted fracture of the left distal radius with associated avulsion of the triquetrum (TR. 247). In November 2004 Dr. Eiser reported that x-rays showed satisfactory alignment and maintenance of the wrist fracture (TR. 244, 243).  In December 2004 Dr. Eiser reported that Plaintiff had tenderness and limitation of motion in his wrist; and that x-rays of Plaintiff's shoulder revealed osteoarthritis at the acromioclavicular joint with spur formation (TR. 241).  Dr. Eiser diagnosed Plaintiff as having rotator-cuff syndrome and subacromial bursitis of the right shoulder (TR. 241). Dr. Eiser also stated that upon examination Plaintiff had pain on abduction of the shoulder at about 80 degrees and that active range of motion was almost complete with a slight limitation of internal

and external rotation (TR. 241). In January 2005 Dr. Eiser gave Plaintiff an injection in his right shoulder in the area of the subacromial bursa, diagnosed Plaintiff with impingement syndrome of the right shoulder, but noted that Plaintiff appeared to be experiencing less pain; and that his range of motion was improving (TR. 239). Dr. Eiser found Plaintiff to be temporarily totally disabled and recommended that he continue physical therapy for his wrist (TR. 240).

### Hearing Testimony

Plaintiff testified that problems with his hips, lower back, knee, right shoulder and right hand prevent him from working (TR. 278-279). He testified that his right hip and lower back caused constant pain; and that from his hip down to his mid-thigh it stays "pretty much numb most of the time" (TR. 280). He further testified that he had constant pain in his shoulder (TR. 282). Plaintiff also testified that he could sit for no more than 30-45 minutes; that he could stand for no more than 30 minutes; and that he could walk only three blocks (TR. 287).

### I & II.

Plaintiff urges on appeal that the ALJ erred in finding at step two that Plaintiff did not have severe shoulder and wrist impairments (See Plaintiff's Brief at pages 6-10). Step two of the Sequential Evaluation Process, is governed by the Secretary's "severity regulation." *Bowen v. Yuckert*, 482 U.S. 137,140-41 (1987); *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988). The "severity regulation" provides that:

> If you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, [the Secretary] will find that you do not have a severe impairment and are, therefore, not disabled. [The Secretary] will not consider your age, education, and work experience.

20 C.F.R. § 404.1520(c). Pursuant to this regulation, claimant must make a "threshold showing that his medically determinable impairment or combination of impairments significantly limits his ability to do basic work activities." *Williams*, 844 F.2d at 751. This threshold determination is to be

5

based on medical factors alone. Vocational factors, such as age, education, and work experience, are not to be considered. *Bowen*, 482 U.S. at 153; *Williams*, 844 F.2d at 750.

The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1520(b). These abilities and aptitudes include the following:

> (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;
>
> (2) Capacities for seeing, hearing, and speaking;
>
> (3) Understanding, carrying out, and remembering simple instructions;
>
> (4) Use of Judgment;
>
> (5) Responding appropriately to supervision, co-workers and usual work situations; and
>
> (6) Dealing with changes in a routine setting.

20 C.F.R. § 404.1521(b).

Plaintiff's burden on the severity issue is *de minimis*. *Williams*, 844 F.2d at 751. As the United States Supreme Court explains, the Secretary's severity regulation

> increases the efficiency and reliability of the evaluation process by identifying at an early stage those claimants whose medical impairments are **so slight** that it is unlikely they would be found to be disabled even if their age, education, and experience were taken into account.

*Bowen*, 482 U.S. at 153 (emphasis added). The Secretary's own regulations state that

> [g]reat care should be exercised in applying the not severe impairment concept. If an adjudicator is unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential evaluation process should not end with the not severe evaluation step. Rather, it should be continued.

Social Security Ruling 85-28 (1985). In other words, step two "is an administrative convenience [used] to screen out claims that are 'totally groundless' solely from a medical standpoint." *Higgs v.*

*Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) (per curiam) (quoting *Farris v. Secretary of HHS*, 773 F.2d 85, 89 n. 1 (6th Cir. 1985)).

The procedure for the evaluation of a mental or physical impairment is explained in 20 C.F.R. 1520a. However, a claimant has the initial burden to establish the existence of an impairment.

> If you are not doing substantial gainful activity, we always look first at your physical or mental impairment(s) to determine whether you are disabled or blind. Your impairment must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques. A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by your statement of symptoms.

20 C.F.R. § 404.1508. *See also* 20 C.F.R. § 404.1528 ("*Symptoms* are your own description of your physical or mental impairment. Your statements alone are not enough to establish that there is a physical or mental impairment.")(emphasis in original).

In light of the medical evidence of Plaintiff's shoulder and wrist impairments and his efforts to alleviate the pain and his continuing medical care related to these impairments, it is apparent that the ALJ erred in finding at step two that Plaintiff's shoulder and wrist impairments were not severe. The ALJ's finding at step two taints his RFC finding, therefore, Plaintiff's second assertion of error will not be addressed in the report and recommendation.

## III.

Plaintiff also argues that the ALJ erred in his credibility analysis. The legal standards for evaluating pain and credibility are outlined in 20 C.F.R. §§ 404.1529 and 416.929, and were addressed by the Tenth Circuit Court of Appeals in *Luna v. Bowen*, 834 F.2d 161 (10th Cir. 1987). First, the asserted pain-producing impairment must be supported by objective medical evidence. *Id.*

at 163.  Second, assuming all the allegations of pain as true, a claimant must establish a nexus between the impairment and the alleged pain.  "The impairment or abnormality must be one which `could reasonably be expected to produce' the alleged pain."  *Id.*  Third, the decision maker, considering all of the medical data presented and any objective or subjective indications of the pain, must assess the claimant's credibility.

> [I]f an impairment is reasonably expected to produce some pain, allegations of disabling pain emanating from that impairment are sufficiently consistent to require consideration of all relevant evidence.

*Id.* at 164.

The mere existence of pain is insufficient to support a finding of disability.  The pain must be considered "disabling."  *Gossett v. Bowen*, 862 F.2d 802, 807 (10th Cir. 1988) ("Disability requires more than mere inability to work without pain.  To be disabling, pain must be so severe, by itself or in conjunction with other impairments, as to preclude any substantial gainful employment.").

In *Kepler v. Chater*, 68 F.3d 387, (10th Cir. 1995), the Tenth Circuit determined that an ALJ must discuss a Plaintiff's complaints of pain, in accordance with *Luna*, and provide the reasoning which supports the decision as opposed to mere conclusions.  *Id.* at 390-91.

> Though the ALJ listed some of these [Luna] factors, he did not explain why the specific evidence relevant to each factor led him to conclude claimant's subjective complaints were not credible.

*Id.* at 391.  The Court specifically noted that the ALJ should consider such factors as:

> the levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.

*Id.* at 391.  The Tenth Circuit remanded the case, requiring the Secretary to make "express findings in accordance with *Luna*, with reference to relevant evidence as appropriate, concerning claimant's

claim of disabling pain." *Id.* at 391. *Kepler* does not require a formalistic factor-by-factor recitation of the evidence. *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000). So long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility, the dictates of *Kepler* are satisfied. *Id* at 1372.

In this case, the ALJ offers no discussion of Plaintiff's credibility. The ALJ fails to link specific evidence to his boilerplate conclusion that "claimant's allegations regarding his limitations are not totally credible" (TR. 23). The ALJ ignores the analysis required by *Kepler* and neglects to discuss the levels of Plaintiff's medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of Plaintiff's daily activities, and the consistency or compatibility of nonmedical testimony with objective medical evidence.

The ALJ's credibility analysis is insufficient according to *Kepler*. On remand, the Secretary should analyze Plaintiff's credibility in accordance with *Luna* and *Kepler*, making express findings and citing specific evidence in the record which relates to Plaintiff's credibility.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner is not supported by substantial evidence and should be **REVERSED AND REMANDED for further administrative proceedings**. The parties are advised of their right to object to these findings and recommendation within twenty (20) days of the date of the filing hereof, in accordance with 28 U.S.C. §636 and LCvR72.1(a). The parties are further advised that failure to make timely objection to these findings and recommendation waives their right to appeal from a judgment of the district

court based upon these findings and recommendation. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

The foregoing Findings and Recommendation disposes of all issues referred to the undersigned magistrate judge in the above captioned matter.

ENTERED on November 20, 2006.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE